IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *EX REL* MATHEW J. REHAK, JR. | * | |
| Plaintiff | * | |
| v. | * | |
| PSYCHOTHERAPEUTIC REHABILITATION SERVICES, INC., et al. | * | Civil Action No.: S-01-2022 |
| Defendants | * | |
| | * | |

**DEFENDANT, ARUNDEL LODGE, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Arundel Lodge, Inc. ("Arundel Lodge"), by its undersigned counsel, Council, Baradel, Kosmerl & Nolan, P.A. and Wayne T. Kosmerl, submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint

**I.   PLAINTIFF FAILS TO ALLEGE FRAUD WITH SUFFICIENT PARTICULARITY PURSUANT TO RULE 9(b).**

Federal Rule of Procedure 9(b) provides in pertinent part:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

The purpose of Rule 9(b) is to prevent "speculative suits against innocent actors for fraud." Under Rule 9(b), allegations of fraud must include facts as to time, place and substance of the Defendant's alleged fraud." *United States of America, ex rel. Jeffrey Scott Clausen v. Laboratory Corporation of America, Inc.*, 290 F.3d 1301 (11th Cir. 2002). The requirements of Rule 9(b) apply in cases filed under the False Claims Act ("FCA"), 37 U.S.C. §3729, *et seq.*, *Harrison and the United States of America v. Westinghouse Savannah River Company*, 176 F.3d 776 (4th Cir. 1999). The purposes of Rule 9(b) are to insure that Defendants have sufficient

information to formulate a defense, as well as to protect them from frivolous suits which impugn their good will and reputation.

There can be little doubt that Rule 9(b) was designed to address pleadings such as those filed by Plaintiff in the instant case. Although Plaintiff alleges that Arundel Lodge, like the other Defendants, filed false or fraudulent claims and engaged in double-billing, there are no factual allegations as to when such conduct occurred, the services which were over-billed, and the persons who were the object of this alleged fraudulent scheme. Plaintiff's lack of specificity is evidenced by its designation of all Defendants as "billing Defendants" and attributes all of the alleged misconduct to them as a collective body even though there are no factual allegations that the Defendants acted pursuant to a common scheme or understanding. Presumably, Exhibit A which is attached to the Amended Complaint, was for the purpose of enlightening each of the Defendants as to its alleged misconduct. Nothing could be further from the truth. The only information disclosed by page 14 of Exhibit A is Arundel Lodge's provider number code. Beyond that small particle of information, nothing more can be gleaned which in any way fleshes out Plaintiff's bare allegations. It is impossible to ascertain from Exhibit A how Arundel Lodge, or any other named Defendant, engaged in the purported fraud or how the "numbers" and "codes" set forth on Exhibit A provide the "particularity" required by Rule 9(b).

## II. PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO FALSE CLAIMS ACT.

In addition to failing to satisfy the requirements of Rule 9(b), Plaintiff's Amended Complaint should be dismissed under Rule 12(b)(6) for failing to state a claim pursuant to the False Claims Act.

Section 3729 of FCA requires factual allegations that a defendant knowingly presented or caused to be presented, a false or fraudulent claim for payment or approval to an officer or employee of the United States Government. Viewing Plaintiff's Complaint in this light accents its deficiency. It is impossible to determine from the Amended Complaint what fraudulent claims were submitted, when they were submitted, to whom they were submitted, for what services they were submitted, and that they were wrongfully paid. See *Harrison* at 785; *United States of America ex rel. Burge v. Board of Trustees at University of Alabama*, 104 F.3d 1453, 1459 (4th Cir. 1997), *cert. denied* 522 U.S. 916; *United States of America v. McNinch*, 356 U.S. 595, 599 (1958).

The deficiencies of the Amended Complaint go to its very essence. Plaintiff's failure to plead the alleged fraud with specificity naturally results in the Complaint's failure to state a claim under the FCA for which relief can be granted.

### III. CONCLUSION.

Defendant Arundel Lodge, for the reasons asserted in this Memorandum, together with those asserted in the Memoranda filed by the other Defendants, compels the dismissal of the Amended Complaint with prejudice because of Plaintiff's failure to plead the alleged fraud with specificity as required by Federal Rules 8(a) and 9(b), as well as its failure to state a claim under the False Claims Act.

**WHEREFORE,** Defendant, Arundel Lodge, respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint in its entirety with prejudice.

Respectfully submitted,

COUNCIL, BARADEL,
KOSMERL & NOLAN, P.A.

By: _____
WAYNE T. KOSMERL
Post Office Box 2289
125 West Street, 4th Floor
Annapolis, Maryland 21404-2289
Telephone: (410) 268-6600
Federal Bar No.: 00541

Attorneys for Defendant, Arundel Lodge, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _____ day of March, 2003, a copy of the foregoing Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint was mailed, first class postage prepaid, to the following:

John E. Coppock, Jr., Esquire
20 Park Avenue
Baltimore, Maryland 21201
*Attorney for Plaintiff*

Psychotherapeutic Rehabilitation Services, Inc.
c/o Randall L. Cooper, CPA
415 Washington Avenue
P. O. Box 74
Chestertown, Maryland 21620

Psychotherapeutic Treatments, Services, Inc.
c/o Randall L. Cooper, CPA
415 Washington Avenue
P. O. Box 74
Chestertown, Maryland 21620

Volunteers of America Chesapeake, Inc.
c/o William J. McKenney
7901 Annapolis Road
Lanham, Maryland 20706

The Affiliated Sante Group, Inc.
c/o Irving Greenberg, Esquire
600 E. Jefferson Street
Rockville, Maryland 20852

WAYNE T. KOSMERL