IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *EX REL* MATHEW J. REHAK JR. | * | |
| | * | |
| Plaintiff, | * | Civil Action No.: |
| v. | | S-01-2022 |
| | * | |
| | * | |
| PSYCHOTHERAPEUTIC REHABILITATION SERVICES, INC., *et al.* | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

### MOTION FOR LEAVE TO AMEND THE AMENDED COMPLAINT

**TO THE HONORABLE JUDGES OF SAID COURT:**

**COME NOW** Plaintiff, Matthew J. Rehak Jr., by and through his attorney, John E. Coppock Jr., and hereby requests leave to amend the Amended Complaint in the above-captioned case in accordance with Federal Rule 15(a) and in support thereof states as follows;

1.  Federal Rule 15(a), AMENDED AND SUPPLEMENTAL PLEADINGS states, " that leave shall be freely given when justice so requires."

2.  This language is mandatory and in the absence of any showing of prejudice to the defendants the Plaintiff should be granted leave to amend the Complaint to include particularized statements of fraud per Fed. R. Civ. P. 9(b).

3.  Since the underlying facts in the original Complaint are identical to those in the Second Amended Complaint, no prejudice can be shown to the defendants.

**WHEREFORE**, Plaintiff prays unto this Honorable Court that the Motion for Leave to Amend the Amended Complaint be granted and that the Plaintiff be allowed to amend to include additional particularized statements of fraud.

1

        Respectfully Submitted,

        _____
        John E. Coppock Jr.
        20 Park Avenue
        Baltimore, MD  21201
        1-410-539-1200 (ext. 342)

        **Attorney for Plaintiff**

```
            IN THE UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF MARYLAND

UNITED STATES OF AMERICA                    *
EX REL MATHEW J. REHAK JR.
                                                 *
```

|   |   |   |
|---|---|---|
| **Plaintiff,** | * | Civil Action No.: |
| v. | | S-01-2022 |
| | * | |
| | * | |
| **PSYCHOTHERAPEUTIC REHABILITATION** | | |
| **SERVICES, INC.,** *et al* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT

**NOW COMES** Matthew J. Rehak Jr., Relator, and files this Complaint against the Defendants under seal and pursuant to 31 U.S.C. §3730(b)(2). Relator has prepared and attached a recapitulation of the alleged violations of the False Claims Act broken down by Health Care Provider, account codes and dollar amounts. Relator hereby discloses that the documents, to fully support the alleged violations, number in the thousands of pages and will be produced upon request either as hard copies or rendered to computer disc and alleges as follows:

### INTRODUCTION

1.   This is an action to recover damages and civil penalties on behalf of the United States of America rising from false statements and/or claims made or caused to be made by the Defendants to the United States of America in violation of the False Claims Act, 31 U.S.C. §§3729, *et seq*. (The "FCA") The false claims and/or statements were made to obtain improper payments from MEDICAID.

2.   Originally enacted in 1863, the FCA was substantially amended in 1986 by the False Claims Amendments

Act. The 1986 Amendments enhanced the government's ability to recover losses sustained as a result of fraud against the United States.

3. The FCA provided that any person who knowingly submits or causes to submit to the government a false or fraudulent claim for payment or approval is liable for a civil penalty of up to $10,000.00 for each such claim, plus three times the amount of the damages sustained by the government. The Act empowers persons having information regarding a false or fraudulent claim against the government to bring an action on behalf of the government and to share in any recovery. This Complaint is being filed under seal and is to remain under seal for at least sixty (60) days (without service on the Defendants during that time) while the government conducts its own investigation and determines whether to join the action. If the government decides not to join the action, the Relator has the right to pursue the case on his own.

4. Pursuant to the FCA, Relator seeks to recover on behalf of the United States damages and civil penalties arising from false and improper charges that the Defendants submitted or caused to be submitted, for reimbursement from MEDICAID.

5. Defendants have systematically defrauded MEDICAID by submitting double billings for the same service causing them to be paid twice and in many instances three and four times for the same service on the same date to the same patient.

6. Specifically, a cursory examination of the billing registers for the "Billing Defendants" would reveal duplicate billings for services that were previously paid and subsequently re-billed and paid again. A recap organized by provider, account codes and dollar amounts that were double billed is attached. **(Exhibit A)**

7. In some instances the account codes are changed making it more difficult to detect the double billing. However, a cross check with the original invoice and related database systems reveals that the bill is in fact for the same patient on the same day and for the same service yet subsequent bills for the already paid service were caused to be generated and were ultimately paid.

8. The Billing Defendants made or caused to be made, double billings in a manner that attempted to conceal the double billings and knowingly submitted the billing amounts back to MEDICAID for reimbursement.

9. Upon information and belief, on those claims that the Billing Defendants submitted for reimbursement to MEDICAID, the Billing Defendants improperly charged the government substantially in excess of what services were actually performed and for which reimbursement was due.

## THE PARTIES

10. Relator Matthew J. Rehak Jr. is a resident of Maryland and is intimately involved in the behavioral health care industry. Relator brings the action for violations of the FCA on behalf of himself and the United States pursuant to

31 U.S.C. §3730(b)(1)  Relator has knowledge of the false statements and/or claims that the Billing Defendants submitted, or caused to be submitted, to the government as alleged herein.

11. Psychotherapeutic Rehabilitation Services, Inc. is a psychiatric, rehabilitation provider.

12. Psychotherapeutic Treatment Services, Inc. is a psychiatric, treatment provider.

13. Volunteers of America Chesapeake, Inc. is a psychiatric, rehabilitation provider.

14. Affiliated Sante is a psychiatric, rehabilitation provider and a outpatient mental health clinic provider.

15. Arundel Lodge is a psychiatric, rehabilitation provider.

## JURISDICTION AND VENUE

16. The Court has jurisdiction over the subject matter of this action pursuant to both 28 U.S.C. §1331 and 31 U.S.C. §3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §3730.

17. The Court has personal jurisdiction over the Defendants pursuant to 31 U.S.C. §3732 (a) which authorizes nationwide service of process and because the Defendants have minimum contacts with the United States.  At least one Defendant can be found, resides or transacts, or has transacted, business in the District of Maryland and/or at least one act proscribed by 31 U.S.C. §3729 occurred in the District of Maryland.

18. Venue is proper in this District pursuant to 31 U.S.C. §3732(a) because at least one of the Defendants can be found, resides or transacts, or has transacted, business in the District of Maryland and/or at least one act proscribed by 31 U.S.C. §3729 occurred in the District of Maryland.

### SPECIFIC ALLEGATIONS AGAINST BILLING DEFENDANTS

19. Relator was reviewing claims of the Billing Defendants retrospectively while using standard utilization review procedures when irregularities were noted.

20. It was determined that the Billing Defendants were routinely submitting duplicate bills.

21. Specifically, the Billing Defendants were submitting the bills on future Explanation of Payment (EOP) batches that had already been authorized and paid in previous EOP batches.

22. As a result the government has paid, through MEDICAID, to the Billing Defendants in excess of one million ($1,000,000.00) dollars for services that were not rendered and had been previously paid. Relator, alleges that in the mental health services budget, throughout the state of Maryland, the amount of double billing and damage to the United States is in excess of ten million ($10,000,000.00) dollars in fiscal year 1998 alone.

23. At all times relevant to this Complaint, the Billing Defendants knew or should have known that it is improper to bill for services that are not rendered.

24. At all times relevant to this Complaint, the Billing Defendants knew or should have known that it is a violation of federal law to submit, or cause to submit, a false or fraudulent claim for payment or approval by a government health insurance program.

25. At all times relevant to this Complaint, the Billing Defendants knew or should have known that it was a violation of federal law to make, or cause to be made or used, a false record or statement to get a false record or fraudulent claim paid or approved by a government health insurance program.

26. At all times relevant to this Complaint, the Billing Defendants knew or should have known that it was a violation of federal law to conspire to defraud the United States by getting a false or fraudulent claim allowed or paid.

**COUNT ONE**
**False Claims Act**
**31 U.S.C. §3729(a)(1) and (a)(2)**

27. Relator realleges and incorporates by reference the allegation contained in paragraphs 1 through 33 of this Complaint.

28. This is a claim for treble damages and forfeitures under the False Claims Act, 31 U.S.C. §§3729, *et seq.* as amended.

29. By virtue of the acts described above, the Billing Defendants knowingly submitted, or caused to be submitted, to the United States government false or fraudulent claims for

payment for services that were performed only once but were billed and paid numerous times.

30. By virtue of the acts described above, the Billing Defendants knowingly submitted, or caused to be submitted, to the United States government false or fraudulent statements to obtain government payment for false or fraudulent claims.

31. The United States, unaware of the falsity of the records, statements or claims made by the Billing Defendants, paid the Billing Defendants for claims that otherwise would not have been allowed.

32. By reason of these payments, the United States has been damaged, and possibly continues to be damaged, in substantial amounts.

**WHEREFORE**, Relator requests that a judgment be in their favor against the Billing Defendants, ordering that:

a) the Billing Defendants cease and desist from violating the False Claims act, 31 U.S.C. § 3729, *et seq.*;

b) the Billing Defendants pay an amount equal to three times the amount of damages the United States has sustained because of the Billing Defendant's actions, plus a civil penalty of not less than $5,000.00 and not more than $10,000.00 for each violation of 31 U.S.C. § 3729;

c) Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. §3730(d);

d) Relator be awarded all costs of this action, including attorney's fees and costs pursuant to 31 U.S.C. §3730(d); and

e)   Relator recover such other and further relief as the Court deems just and proper.

**REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Respectfully submitted,

_____
John E. Coppock Jr.
20 Park Avenue
Baltimore, MD  21201
1-410-539-1200 (ext. 342)

**Attorney for Relator**

**January 21, 2003**

**IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *****  |   |   |
| ***EX REL* MATHEW J. REHAK JR.**  |   |   |
|   | ***** |   |
| **Plaintiff,** | ***** | **Civil Action No.:** |
| **v.** |   | **S-01-2022** |
|   | ***** |   |
|   | ***** |   |
| **PSYCHOTHERAPEUTIC REHABILITATION** |   |   |
| **SERVICES, INC.,** ***et al.*** | ***** |   |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**ORDER**

     Based upon Plaintiff's Motion For Leave To Amend The Amended Complaint, any answer thereto, and for good cause shown, it is this _____ day of _____ 2003, hereby

     **ORDERED**, that the Plaintiff's Motion For Leave To Amend The Amended Complaint, is hereby, **GRANTED.**

_____
JUDGE, U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND