```
          IN THE UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF MARYLAND
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*EX REL* MATHEW J. REHAK JR. | * | |
| | * | |
| Plaintiff,<br>v. | * | Civil Action No.:<br>S-01-2022 |
| | * | |
| | * | |
| PSYCHOTHERAPEUTIC REHABILITATION<br>SERVICES, INC., *et al.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF ANSWER TO MOTION TO DISMISS**

**I.   INTRODUCTION**

This memorandum is submitted in response to various Motions to Dismiss filed by the Defendant's in the above-captioned matter. Their general grounds are that the Complaint was not served within the 120-day timeframe as required by Fed. R. Civ. P. 9(m), that specific allegations of fraud needed to be more specific and that the Complaint failed to state a claim for which relief could be granted.

Defendants have not been prejudiced in any way by any delay in this matter. In fact, they did not know about the Complaint until January of 2003. As such, no harm could be shown to their ability to prepare for and/or to defend the matter.

Defendants want the Court to believe that all the data and experts should be ready to go upon receipt of the U.S. Attorney's decision not to intervene. It is clear form the docket sheet that the U.S. Attorney's Office needed additional

time to make a decision in this case.  Why would it be unusual for Plaintiff need the same consideration?  It was not until the decision of the U.S. Attorney's Office not to intervene that the Plaintiff knew that he had to retain and expert and compile a report.  After intervention was declined by the U.S. Attorney's Office Plaintiff was in contact with Judge Smalkin as to case status and when a decision on filing was going to be made.  The Defendant's are aware of that.

Defendants also want the Court to believe that being served with the Amended Complaint rather than the original violates the False Claims Act.  The Federal Rules permit amendments freely and without leave of court if they are so amended prior to any answer being filed.  Defendants' acknowledge that the only change in the Amended Complaint is that some Defendants were deleted.  As such, arguing for a dismissal on that issue seems to be disingenuous.

## II.  SERVICE OF PROCESS

Fed. R. Civ. P. 4(m) states that, "… provided that if the Plaintiff shows good cause for the failure, the Court shall extend the time for service for an appropriate period."

In this case, as stated in the Introduction, the Court was aware of what Plaintiff was doing and why.  (Exhibits A & B)  It would seem that the correspondence alone would suffice in establishing good cause for the delay.  In order to provide an accurate Complaint, Plaintiff needed to await data analysis results from one of its experts.  The language in the rule is mandatory.  Good cause will be recognized by the Court putting

the issue of ineffective or untimely service to rest so that we can concentrate on the real issue, defrauding the taxpayers of the state of Maryland.

### III. FILING REQUIREMENTS IN QUI TAM ACTIONS

In a qui tam action, 31 U.S.C. § 3730(b)(2) states in relevant part, that "[T]he complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." The court ordered the complaint to be unsealed on August 8, 2002, which then allows for the Defendants to be served. However, no specific time requirement is laid out in 31 U.S.C. § 3730(b)(2) as to the time within which service must be made.

Plaintiff restates the fact that it was in communication with the court to inform it of the pace at which Plaintiff's counsel would be proceeding due to delayed results from an expert. Therefore, no grounds for a violation of a filing requirement in a qui tam action exists.

### III.   FAILURE TO PLEAD WITH SPECIFICITY

Fed. R. Civ. P. 9(b) states that, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." In filing for leave of court to amend the Amended Complaint, Fed. R. Civ. P. 9(b) has been satisfied. (Exhibit C).

### V.   FAILURE TO STATE A CLAIM, Fed. R. Civ. P. 12 (b)(6)

In amending the allegations of fraud to include the timeframe, dates and manner of fraud the particularity requirement is met. Also, the "failure to state a claim" argument advanced by the Defendant's, citing the lack of detail, is rendered moot.

**CONCLUSION**

In amending the Complaint to include a more detailed statement two issues are satisfied, the mandates of Fed. R. Civ. P. 9 and the sufficiency of the pleading to state a claim for which relief can be granted.

The delay in serving the Defendants was noted by the Judge. Plaintiff required additional time to determine which Defendant's to include in the initial Complaint and to sort through the data with the expert in order to fashion a final report. This is certainly good cause and Fed. R. Civ. P. 4(m) states that with good cause shown the Court "shall" extend the time for service.

Respectfully submitted,

_____
John E. Coppock Jr.
20 Park Avenue
Baltimore, MD  21201
1-410-539-1200 (ext. 342)

**Attorney for Plaintiff**

4