IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *EX REL* MATHEW J. REHAK JR | * | |
| Plaintiff | * | |
| v. | * | Case No. S-01-2022 |
| PSYCHOTHERAPEUTIC REHABILITATION SERVICES, INC. et al. | * | |
| Defendants | * | |

* * * * * * * * * * * * *

**DEFENDANTS PSYCHOTHERAPEUTIC REHABILITATION SERVICES, INC.'S
AND PSYCHOTHERAPEUTIC TREATMENT SERVICES, INC.'S
REPLY TO RELATOR'S OPPOSITION TO MOTION TO DISMISS**

**I. INTRODUCTION**

Defendants Psychotherapeutic Rehabilitation Services, Inc. ("PRS") and Psychotherapeutic Treatment Services, Inc. ("PTS") filed a Motion to Dismiss the Relator's Amended Complaint on the grounds that the Amended Complaint fails to plead fraud with the precision and particularity required by Rules 8(a) and 9(f), fails to state a claim under the False Claims Act ("FCA") and that service of process was insufficient. In response, the Relator, Mathew J. Rehak, Jr., filed a Motion for Leave to Amend the Amended Complaint, a Second Amended Complaint and an Answer to Motion to Dismiss. Even if this Court grants the Relator's Motion for Leave to Amend his Amended Complaint, the Second Amended Complaint still fails to plead fraud with the required

---

[1] Defendants PRS and PTS incorporated by reference the arguments presented by the Co-Defendants in their Motions to Dismiss.

precision and particularity and fails to state a claim under the False Claims Act and therefore should be dismissed. Furthermore, in his Answer to Motion to Dismiss, the Relator has failed to establish good cause as to why the Amended Complaint was not served in a timely manner pursuant to Federal Rule of Procedure 4(m) and why neither the Amended Complaint nor the Second Amended Complaint were filed in compliance with the Federal Claims Act. Therefore the Complaints should be dismissed on those bases as well.

## II.   ARGUMENT

### A.   The Second Amended Complaint still fails to plead fraud with the precision and particularly required by Rules 8(a) and 9(b).

The Relator argues in his Answer to Motion to Dismiss that the meager additions made in the Second Amended Complaint, "provides specific details as to time, dates, place, and contents of fraudulent billings," and therefore Rule 9(b)'s precision and particularity requirements for pleading fraud have been satisfied. *See Relator's Answer to Motion to Dismiss*. A review of the few additions made to the Amended Complaint make it clear that this is not the case.

The first additions to the Amended Complaint[2] relate to the alleged process used by the Defendants in submitting their claims for payment. In the additional paragraphs, the Relator simply provides a name for the form that was allegedly submitted by the Defendants (HCFA 1500 forms), the term for the codes used on those forms (CPT codes), and the names of the entities that allegedly received and reviewed the forms and authorized and reconciled the payments. None of this information provides any detail as to the alleged fraudulent scheme undertaken by the Defendants. Specifically, the additional information does not explain how the Defendants allegedly

---

[2] The Relator added a new section to the Amended Complaint entitled "Underlying Facts." This section merely contains four paragraphs.

"systematically defrauded MEDICAID by submitting double billings," *See paragraph 5 of Relator's Amended Complaint.*

The second addition to the Amended Complaint also fails to provide sufficient details with regard to the alleged fraudulent scheme. The Relator states that the Defendants, "have submitted CPT codes for BOTH on-site and off-site services for different durations of time, for the same day, same consumer, and same provider." The Relator goes on to state that, "[t]his practice creates double billings for the same service ." *See paragraph 18 of Relator's Second Amended Complaint.* This is the full extent of the Relator's description of the Defendants' alleged fraudulent scheme and clearly lacks the necessary details. Critically, the Relator fails to supply adequate details regarding the "practice" and furthermore how this "practice" *creates* double billings. The Relator fails to explain why a patient cannot receive both on-site and off-site services on the same day and how billing for both on-site and off-site services constitutes fraud. This information is needed to meet the particularity requirements of Rule 9(b).

The Relator's third and fourth additions to the Second Amended Complaint are also feeble attempts to meet Rule 9(b)'s particularity requirements. The Relator adds that the alleged duplicate billings occurred in Anne Arundel and Prince George's Counties and that the alleged duplicate bills were submitted from July 1, 1997 to June 30, 1998. This information is insufficient to allow the Defendants address the merits of the Relator's fraud allegations. The Defendants simply do not know, and based on the little information the Relator has provided, have no way of determining, to which billings the Relator is referring. The Relator has failed to provide the specific dates of the alleged double billings, a description of the services allegedly double-billed, the codes of the services allegedly double-billed or any other descriptive details regarding the services. The Relator

has even failed to particularize his allegations, and specifically the amount he is claiming was allegedly defrauded, as to each of the individual Defendants.

While the Relator asserts in his Second Amended Complaint, as he did in his Amended Complaint, that Exhibit A provides, "[a] recap organized by provider, account codes and dollar amounts that were double billed," it is unquestionable that Exhibit A does not provide this information. As admitted by the Relator's counsel, Exhibit A is indecipherable. It consists of multiple pages containing small grids with lists of numbers. None of the providers are identified, there are no dates, no summary of services allegedly double-billed or dollar amounts of services allegedly double-billed.

The Relator alleges that the delay in serving the Amended Complaint on the Defendants was the result of his need to retain an expert and compile a report. *See Relator's Memorandum in Support of Answer to Motion to Dismiss.* Based on this representation, at the time of preparing his Amended Complaint and Second Amended Complaint, he should have had a report that contained the precise details required by Rule 9(b) and should have been able to easily insert those details into those Complaints. Without explanation, he has continually failed to do so.

The purpose of Rule 9(b)'s particularity requirement is to ensure that defendants receive fair notice of the charges against them and have sufficient information to formulate a defense. It eliminates fraud actions in which all the facts are learned after discovery and protects defendants from frivolous suits and harm to their goodwill and reputation. Harrison v. Westinghouse Savannah River Company, 76 F.3d 776, 783 (4th Cir. 1998); Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 987 (10th Cir. 1992), quoting Ross v. Bolton, 904 F.2d 819, 823 (2d Cir. 1990). In asking this Court to dismiss the Relator's Complaints, these are precisely the harms the Defendants are seeking to protect against. Based on the sparse information contained in the Relator's Complaints,

it is simply impossible for the Defendants to respond to the merits of the Relator's fraud allegations and, in the event the Amended Complaint or Second Amended Complaint is not dismissed, will be forced to blindly defend.

### B. Allegations in the Amended Complaint and Second Amended Complaint fail to state a claim under the False Claims Act

As fully addressed in the Defendants' Memorandum in Support of their Motion to Dismiss, a central question in a FCA case is whether *the defendant ever presented a "false or fraudulent claim" to the government.* Harrison at 785; United States v. McNinch, 356 U.S. 595, 599, (1958). Accordingly, under Rule 12(b)(6), the Relator is required to, at a minimum, allege facts that, if proven, would establish that Defendants PRS and PTS *knowingly* made a *false or fraudulent claim* to the *United States Government* and that this claim was material to the government's action in paying the claim.

None of the allegations in the Amended Complaint state to whom the billing submissions were made. In the Relator's Second Amended Complaint the Relator describes the billing submission process as passing through four entities – none of which are the United States Government. In the Relator's Second Amended Complaint he states that submissions were made to a data clearinghouse called Web MD and that funds were withdrawn from the Community Mental Health Clinic located in Cecil County. *See paragraph 6 of Relator's Second Amended Complaint.* In his Memorandum in Support of Answer to Motion to Dismiss he states that the real issue in the case is the "defrauding [of] the taxpayers of the state of Maryland." Again, there is no mention of the United States Government. Put simply, the Relator fails to link submissions by the Defendants to payments issued by the United States Government. This is a critical element for a FCA

claim, and because the Relator has failed to even plead facts that, if proven, would establish this link, the Relator's Amended Complaint and Second Amended Complaint fail to state a cause of action against the Defendants under the FCA and should be dismissed.

### C. Relator has failed to establish good cause as to why the Amended Complaint was not served in a timely manner pursuant to Federal Rule of Procedure 4(m)

The Relator states in his Memorandum in Support of Answer to Motion to Dismiss that the reason for the delay in serving the Defendants was that he, "needed to await data analysis results from one of its experts." Clearly this data analysis should have been conducted prior to filing a Complaint with this Court in which he made the very serious allegations of fraud against the Defendants. This was improper and should not serve as the "good cause" basis for the Relator's delay in serving the Defendants. See Fed. R. Civ. P. 11(b); 31 U.S.C.A.. § 3730 (d)(4).

### D. Neither the Amended Complaint nor the Second Amended Complaint were filed in compliance with the Federal Claims Act.

37 U.S.C.A. §3730(b)(2) provides that in a FCA action:

> a copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 49(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. . . .

The Relator failed to abide by these procedures with regard to both the Amended Complaint and the Second Amended Complaint. Neither the Amended Complaint nor the Second Amended Complaint were filed in camera, remained under seal for at least 60 days or were ordered to be served on the Defendants by this Court.

III. **CONCLUSION**

For the foregoing reasons, Defendants PRS and PTS respectfully request this Honorable Court to dismiss the Relator's Amended Complaint and if leave is granted, the Second Amended Complaint, in its entirety, with prejudice.

The Defendants PRS and PTS adopt and incorporate by reference herein the reply arguments presented in the Co-Defendants' Replys.

_____
Brian S. Goodman (03212)
Nicole E. Ames (14303)
Fedder and Garten Professional Association
2300 Charles Center South
36 South Charles Street
Baltimore, Maryland 21201
(410)539-2800

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 21st day of March, 2003, a copy of the Defendants, Psychotherapeutic Rehabilitation Services, Inc. and Psychotherapeutic Treatment Services, Inc.'s Reply to Relator's Opposition to Motion to Dismiss was sent via mail, postage-paid to:

John E. Coppock Jr., Esquire
20 Park Avenue
Baltimore, MD 21201
410-539-1200 (ext. 342)
Attorney for Relator

Wayne Kosmerl, Esquire
125 West Street, Floor 4
P.O. Box 2289
Annapolis, Maryland 21404-2289
410-268-6600
Attorney for Arundel Lodge, Inc.

Irving Greenberg, Esquire
600 East Jefferson Street, Suite 201
Rockville, Maryland 20852
301-251-4010
Attorney for The Affiliated Sante Group, Inc.

Robert L. Pierson, Esquire
Pierson & Pierson
Suite 1420, 201 East Baltimore Street
Baltimore, Maryland 21202
410-727-7733
Attorney for Volunteers of America Chesapeake, Inc.

_____
Nicole E. Ames