IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *EX REL* MATHEW J. REHAK JR. | : | |
| **Plaintiff** | : | |
| v. | : | Civil Action No.: S-01-2022 |
| PSYCHOTHERAPEUTIC REHABILITATION SERVICES, INC. *et al.* | : | |
| **Defendants** | : | |

**DEFENDANT, AFFILIATED SANTE GROUP INC.'S, REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE AMENDED COMPLAINT**

Defendant, Affiliated Sante Group, Inc., by its undersigned counsel, in reply to Plaintiff's Answer To Motion To Dismiss and, in opposition to Plaintiff's Motion For Leave To Amend The Amended Complaint filed by Plaintiff, states as follows:

### I. BACKGROUND

Defendant, Affiliated Sante Group, Inc., filed a Motion to Dismiss the Plaintiff's Amended Complaint on the grounds that the Amended Complaint failed to state a claim upon which relief can be granted because it fails to state with any semblance of particularity, as mandated by Federal Rule of Procedure 9(b) and the False Claims Act, the circumstances constituting fraud as averred in the Amended Complaint and that service of process of the Amended Complaint was insufficient.

Plaintiff then filed an Answer To Motion To Dismiss and a Motion For Leave To Amend The Amended Complaint. The Plaintiff has failed to demonstrate good cause regarding the insufficiency of

process and service of process and the proposed Second Amended Complaint still fails to meet the requisite pleading standard for alleging fraud and accordingly fails to state a claim under the False Claims Act.

Accordingly, the Plaintiff's Amended Complaints must be dismissed.

## II. ARGUMENT

### A. The Plaintiff's Second Amended Complaint fails to allege fraud with sufficient particularity pursuant to rule 9(b).

Plaintiff's attempts to remedy the pleading deficiencies of the Amended Complaint fail. In essence, the changes do not address with sufficient particularity the particulars of the alleged fraud. Aside from providing more details as to how the normal billing procedure works the Plaintiff provides very little specific detail as to the alleged fraud. The Plaintiff's greatest attempt at providing detail, is his statement that Defendants "have submitted CPT codes for BOTH on-site and off-site services for different durations of time, for the same day, same consumer, and same provider ... creat[ing] double billings for the same service..." *See paragraph 18 of Second Amended Complaint.* The allegation fails to state with particularity how billing for the provision of different services, at different locations for different durations of time creates a double billing scheme. The mere conclusion that these are billings for the same service cannot provide the particulars mandated in *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776 (4th Cir.1999). What facts does the Plaintiff plead to show that any billings were made for the same service? None. In fact, his own allegations admit the opposite in stating that the billings were for different services and different durations.

The Plaintiff also provides that the alleged fraud took place over a year period in two counties. This is far to little information from which Defendants can be appraised of which specific billings are alleged to be fraudulent. Who, when, where and what were billed? This necessary paticularized information does not appear and according the Amended Complaints fail and must be dismissed.

**B.  Plaintiff has failed to demonstrate good cause regarding the insufficiency of process and service of process.**

Plaintiff concludes that he has shown good cause for his failure to serve Defendants timely. The sum and substance of this good cause is that Plaintiff was awaiting data analysis prior to service. Clearly, this is the type of investigation that the Federal Rules contemplate being done prior to filing a claim of fraud. *See* Fed R. Civ. P. 11(b). This lack of prior investigation should not act as "good cause" for the failure to serve the Complaint timely. Accordingly, the Amended Complaints fail and must be dismissed.

Plaintiff has failed to address why he failed to adhere to the procedures mandated by 37 U.S.C.A. §3730(b)(2) for each Amended Complaint, and failed to serve the original Complaint pursuant to this Court's Order. The materials served were not those presented to the Government nor the Complaint ordered to be served by the Court. Accordingly, process was insufficient and the Amended Complaints should be dismissed

**C.  Defendant joins in, and incorporates to the extent relevant, all other responses and oppositions.**

The Defendant joins in, and incorporates to the extent relevant, all other responses and oppositions to Plaintiff's Answer To Motion To Dismiss and Plaintiff's Motion For Leave To Amend The Amended Complaint filed by its Co-Defendants in this action.

### III.  CONCLUSION

For the foregoing reasons, Defendant, Affiliated Sante Group, Inc., respectfully requests that this Honorable Court dismiss with prejudice Plaintiff's Amended Complaint and the Second Amended Complaint, if leave is granted to file same..

                GREENBERG FELSEN & SARGENT, LLC

By: _____
     David Felsen (07896)

_____
Irving Greenberg (08942)

Counsel for Defendant, Affiliated Sante Group
600 Jefferson Plaza
Suite 201
Rockville, Maryland 20852
(301) 251-4010

**CERTIFICATE OF SERVICE**

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this _____ day of March, 2003, a copy of the foregoing was mailed, first class, postage prepaid, to:

| | |
|---|---|
| John E. Coppock, Jr., Esquire<br>20 Park Avenue<br>Baltimore, MD 21201<br>410-539-1200 (ext. 342)<br>Attorney for Realtor | Brian S. Goodman, Esquire<br>2300 Charles Center South<br>36 South Charles Street<br>Baltimore, MD 21201<br>410-539-2800<br>Attorney for Psychotherapeutic Rehabilitation Services, Inc. |
| Wayne Kosmerl, Esquire<br>125 West Street, Floor 4<br>P.O. Box 2289<br>Annapolis, MD 21404-2289<br>410-268-6600<br>Attorney for Arundel Lodge, Inc. | Robert L. Pierson, Esquire<br>Pierson & Pierson<br>Suite 1420, 201 East Baltimore Street<br>Baltimore, MD 21202<br>410-727-7733<br>Attorney for Volunteers of America Chesapeake, Inc. |
| Jamie M. Bennett, Esquire<br>Assistant United States Attorney<br>6625 United States Courthouse<br>101 West Lombard Street<br>Baltimore, MD 21202-2962 | |

                                                          _____
                                                         Irving Greenberg