IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA.,   :
*EX REL* MATHEW J. REHAK, JR.  :
            :
    Plaintiff     :
            :
   v.         :    CIVIL NO. S-01-2022
            :
PSYCHOTHERAPEUTIC ,    :
REHABILITATION SERVICES, INC., :
*ET AL.*          :
    Defendants   :
         ...o0o...

REPLY  MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS

This memorandum is submitted on behalf of Volunteers of America Chesapeake ("VOA"), defendant,  in reply to plaintiff's answer to defendant's Motion to Dismiss.  Plaintiff's answer and accompanying memorandum fail to provide any basis for denying the Motion to Dismiss.   Similarly, plaintiff's Second Amended Complaint demonstrates that he is incapable of stating with the requisite particularity a claim for fraud under the False Claims Act.

1.  Plaintiff's Answer to the Motion to Dismiss Demonstrates the Absence of Good Cause for His Failure to Serve Process in Conformity with Rule 4(m).

In the memorandum in support of his Answer to the Motion to Dismiss, plaintiff seeks to establish good cause for delayed service by stating "In order to provide an accurate Complaint, Plaintiff needed to await data analysis results from one of its experts."   In addition, plaintiff states that it was not until the government declined to intervene that he knew that he had to retain an expert and compile a report.  Plaintiff's failure to prepare his case before filing, however, must be viewed as a negative factor in any evaluation of his reasons for failing to effect service in a timely manner.

 The court in Bryant v. Brooklyn Barbeque Corporation, 130 F.R.D.  665(W. D. Mo.

1990), aff,d 932 F.2d 697, reh.den. (Eighth Cir.), cert. den. 502 U.S. 897 (1991), dealt with facts very similar to those in the instant case.  There, the plaintiff admitted that she had not attempted to serve the defendant within 120 days because she knew that she would ultimately file an amended complaint with more specific factual allegations.  The court did not find this to be good cause and in fact, imposed sanctions under Rule 11.  The court stated:

> "Plaintiff's attorney has admitted, however, that it was not until after the original complaint was filed that he conducted a factual inquiry allowing him to plead plaintiff's claims with sufficient particularity.  Thus, the statements contained in Plaintiff's Suggestion in Opposition to Defendant's Opposition to Motion to Dismiss are essentially admissions of violations of Fed. R. Civ. P. 11." (Footnote omitted).

> Bryant v. Brooklyn Barbeque Corp., 130 F.R.D. at 670.

Similarly, if as plaintiff admits in his memorandum, he was unable to provide an accurate complaint prior to filing suit, he should not have filed the complaint.  This conduct should not be rewarded by relieving plaintiff from the consequences of his failure to comply with Rule 4(m).

Plaintiff also argues that 31 U.S.C. §3730(b)(2) does not contain any specific time requirement within which a defendant must be served following unsealing of the complaint. Title 31 U.S.C. §3730(b)(3), however, requires service pursuant Fed. R. Civ. P.  4 following the unsealing of the complaint.[1] The section plainly contemplates that the provisions of Fed. R. Civ. P. 4 will apply from the complaint's unsealing.  The Senate Judiciary Committee's Report on the 1986 amendments to the False Claims Act supports this position:

> "By providing for sealed complaints, the Committee does not intend to affect defendants' rights in any way.  Once the court has unsealed the complaint, the defendant will be served as required under Rule 4 of Federal Rules of Civil Procedure and will not be

---

[1]Section 3730(b)(3) provides "The defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure."

required to respond until 20 days after being served."

S. Rep. No. 99-345, 99TH Cong., 2ND Sess. 1986, 1986 U.S. Code and Cong. Admin. News 5256 at 5289.

Since service was not effected within 120 days of unsealing, and since no good cause for the delay has been shown, the action should be dismissed.

2. Plaintiff's Proposed Second Amended Complaint Still Does Not Comply With Rule 9(b) Requirements of Specific Pleading.

Plaintiff's opposition memorandum and his proposed Second Amended Complaint demonstrate that he is engaged in a fishing expedition. In lieu of submitting meaningfully detailed allegations, he attempts to throw the responsibility for sorting out the facts in this case onto the defendants.

Plaintiff does not attempt to defend the sufficiency of the cursory allegations of his Amended Complaint but instead seeks to add allegations designed to overcome the failure to comply with Fed. R. Civ. P. 9(b). While the allegations provide some background as to the manner in which plaintiff asserts that Medicaid claims are processed, the Second Amended Complaint does not add any specific allegations of fraudulent conduct. Those allegations continue to be made in broad outline.

The substance of his additional allegations is contained in paragraph 18 of the Second Amended Complaint in which he states that "[d]efendants have systematically defrauded MEDICAID as these providers have submitted CPT codes for BOTH on-site and off-site services for different durations of time, for the same day, same consumer, and same provider." It is not apparent why this would constitute double billing, since a recipient might well receive services of different types on the same day. Moreover, this allegation contains the same lack of specificity as the rest of the Second Amended Complaint.

Accordingly, the court should dismiss the Amended Complaint, and dismiss, or deny leave to file, the Second Amended Complaint.

Respectfully submitted

_____/s/_____

Robert L. Pierson
Bar Number 04887
Pierson & Pierson
Suite 1420, One Calvert Plaza
201 East Baltimore Street
Baltimore, Maryland 21202
(410) 727-7733
Attorney for Volunteers of America Chesapeake, Inc.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2003, copies of the foregoing document was mailed, first class mail postage prepaid to:

John E. Coppock, Jr., Esquire
20 Park Avenue
Baltimore, Maryland 21202
Attorney for Plaintiff

Jamie M. Bennett, Esquire
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21202-2692

Brian S. Goodman, Esquire
Nicole E. Ames, Esquire
Fedder and Garten Professional Association
2300 Charles Center South
36 South Charles Street
Baltimore, Maryland 21201
Attorneys for Psychotherapeutic Rehabilitation
Services, Inc. and
Psychotherapeutic Treatment Services, Inc.

David Felsen, Esquire
Irving Greenberg, Esquire
600 East Jefferson Street, Suite 201
Rockville, Maryland 20852
Attorneys for Affiliated Sante Group

Wayne Kosmerl, Esquire
125 West Street, Floor 4
Annapolis, Maryland 21404-2289
Attorney for Arundel Lodge, Inc.

_____/s/_____

Robert L. Pierson