```
          IN THE UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF MARYLAND

UNITED STATES OF AMERICA           *
EX REL MATHEW J. REHAK JR.
                                   *
          Plaintiff,               *    Civil Action No.:
     v.                                       S-01-2022
                                   *
                                   *
PSYCHOTHERAPEUTIC REHABILITATION
SERVICES, INC., et al                           *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

### SECOND AMENDED COMPLAINT

**NOW COMES** Matthew J. Rehak Jr., Relator, and files this Complaint against the Defendants pursuant to 31 U.S.C. §3730(b)(2), and states as follows:

### INTRODUCTION

1. This is an action to recover damages and civil penalties on behalf of the United States of America rising from false statements and/or claims made or caused to be made by the Defendants to the United States of America in violation of the False Claims Act, 31 U.S.C. §§3729, *et seq*. (The "FCA") The false claims and/or statements were made to obtain improper payments from MEDICAID.

2. Originally enacted in 1863, the FCA was substantially amended in 1986 by the False Claims Amendments Act. The 1986 Amendments enhanced the government's ability to recover losses sustained as a result of fraud against the United States.

1

3. The FCA provided that any person who knowingly submits or causes to submit to the government a false or fraudulent claim for payment or approval is liable for a civil penalty of up to $10,000.00 for each such claim, plus three times the amount of the damages sustained by the government. The Act empowers persons having information regarding a false or fraudulent claim against the government to bring an action on behalf of the government and to share in any recovery. This Complaint is being filed under seal and is to remain under seal for at least sixty (60) days (without service on the Defendants during that time) while the government conducts its own investigation and determines whether to join the action. If the government decides not to join the action, the Relator has the right to pursue the case on his own.

4. Pursuant to the FCA, Relator seeks to recover on behalf of the United States damages and civil penalties arising from false and improper charges that the Defendants submitted or caused to be submitted, for reimbursement from MEDICAID.

## UNDERLYING FACTS

5. In order to be reimbursed by the Medicaid program, Defendants must appropriately complete and submit "HCFA 1500" forms, on which they must list standardized medical Current Procedural Terminology ("CPT") codes for each health service performed.

6. The Defendants submit the HCFA 1500 forms to a data clearinghouse called Web MD, formerly known as Med Link to receive payment for on-site or off-site psychiatric rehabilitation services and outpatient mental health services.

7. The HCFA 1500 forms are then sent to Maryland Health Partners, which is the organization that completes a utilization review of the services performed and is responsible for authorizing payment. Once payment has been authorized, funds are automatically withdrawn from the Community Mental Health Clinic ("CMHC") located in Cecil County.

8. CMHC reconciles the amounts that were previously withdrawn for providers based on Explanation of Payment ("EOP") forms that are sent to them in batches in hard copy.

## THE PARTIES

9. Relator Matthew J. Rehak Jr. is a resident of Maryland and is intimately involved in the behavioral health care industry. Relator brings the action for violations of the FCA on behalf of himself and the United States pursuant to 31 U.S.C. §3730(b)(1) Relator has knowledge of the false statements and/or claims that the Billing Defendants submitted, or caused to be submitted, to the government as alleged herein.

10. Psychotherapeutic Rehabilitation Services, Inc. is a psychiatric, rehabilitation provider.

11. Psychotherapeutic Treatment Services, Inc. is a psychiatric, treatment provider.

12. Volunteers of America Chesapeake, Inc. is a psychiatric, rehabilitation provider.

13. Affiliated Sante is a psychiatric, rehabilitation provider and an outpatient mental health clinic provider.

14. Arundel Lodge is a psychiatric, rehabilitation provider.

## JURISDICTION AND VENUE

15. The Court has jurisdiction over the subject matter of this action pursuant to both 28 U.S.C. §1331 and 31 U.S.C. §3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §3730.

16. The Court has personal jurisdiction over the Defendants pursuant to 31 U.S.C. §3732(a) which authorizes nationwide service of process and because the Defendants have minimum contacts with the United States. At least one Defendant can be found, resides or transacts, or has transacted, business in the District of Maryland and/or at least one act proscribed by 31 U.S.C. §3729 occurred in the District of Maryland.

17. Venue is proper in this District pursuant to 31 U.S.C. §3732(a) because at least one of the Defendants can be found, resides or transacts, or has transacted, business in the District of Maryland and/or at least one act proscribed by 31 U.S.C. §3729 occurred in the District of Maryland.

## SPECIFIC ALLEGATIONS AGAINST BILLING DEFENDANTS

18.  Defendants have systematically defrauded MEDICAID as these providers have submitted CPT codes for BOTH on-site and off-site services for different durations of time, for the same day, same consumer, and same provider.  This practice creates double billings for the same service causing them to be paid twice and in many instances three and four times for the same service on the same date to the same patient.

19.  Specifically, a cursory examination of the billing registers for the "Billing Defendants" reveal duplicate billings in the areas of Anne Arundel and Prince George's Counties for services that were previously paid and subsequently re-billed and paid again.  A recap organized by provider, account codes and dollar amounts that were double billed is attached.  **(Exhibit A)**

20.  In some instances the account codes are changed making it more difficult to detect the double billing.  However, a cross check with the original invoice and related database systems reveals that the bill is in fact for the same patient on the same day and for the same service yet subsequent bills for the already paid service were caused to be generated and were ultimately paid.

21.  The Billing Defendants made or caused to be made double billings in a manner that attempted to conceal the double billings and knowingly submitted the billing amounts back to MEDICAID for reimbursement.

5

22. Upon information and belief, on those claims that the Billing Defendants submitted for reimbursement to MEDICAID, the Billing Defendants improperly charged the government substantially in excess of what services were actually performed and for which reimbursement was due.

23. Relator was reviewing claims of the Billing Defendants retrospectively while using standard utilization review procedures when irregularities were noted.

24. It was determined that the Billing Defendants were routinely submitting duplicate bills from July 1, 1997 to June 30, 1998.

25. Specifically, the Billing Defendants were submitting the bills on future Explanation of Payment (EOP) batches that had already been authorized and paid in previous EOP batches.

26. As a result the government has paid, through MEDICAID, to the Billing Defendants in excess of one million ($1,000,000.00) dollars for services that were not rendered and had been previously paid. Relator alleges that in the mental health services budget, throughout the state of Maryland, the amount of double billing and damage to the United States is in excess of ten million ($10,000,000.00) dollars in fiscal year 1998 alone.

27. At all times relevant to this Complaint, the Billing Defendants knew or should have known that it is improper to bill for services that are not rendered.

28. At all times relevant to this Complaint, the Billing Defendants knew or should have known that it is a violation of

federal law to submit, or cause to submit, a false or fraudulent claim for payment or approval by a government health insurance program.

29. At all times relevant to this Complaint, the Billing Defendants knew or should have known that it was a violation of federal law to make, or cause to be made or used, a false record or statement to get a false record or fraudulent claim paid or approved by a government health insurance program.

30. At all times relevant to this Complaint, the Billing Defendants knew or should have known that it was a violation of federal law to conspire to defraud the United States by getting a false or fraudulent claim allowed or paid.

## COUNT ONE
### False Claims Act
### 31 U.S.C. §3729(a)(1) and (a)(2)

31. Relator realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 of this Complaint.

32. This is a claim for treble damages and forfeitures under the False Claims Act, 31 U.S.C. §§3729, *et seq.* as amended.

33. By virtue of the acts described above, the Billing Defendants knowingly submitted, or caused to be submitted, to the United States government false or fraudulent claims for payment for services that were performed only once but were billed and paid numerous times.

7

34. By virtue of the acts described above, the Billing Defendants knowingly submitted, or caused to be submitted, to the United States government false or fraudulent statements to obtain government payment for false or fraudulent claims.

35. The United States, unaware of the falsity of the records, statements or claims made by the Billing Defendants, paid the Billing Defendants for claims that otherwise would not have been allowed.

36. By reason of these payments, the United States has been damaged, and possibly continues to be damaged, in substantial amounts.

**WHEREFORE**, Relator requests that a judgment be in their favor against the Billing Defendants, ordering that:

a) the Billing Defendants cease and desist from violating the False Claims act, 31 U.S.C. § 3729, *et seq.*;

b) the Billing Defendants pay an amount equal to three times the amount of damages the United States has sustained because of the Billing Defendant's actions, plus a civil penalty of not less than $5,000.00 and not more than $10,000.00 for each violation of 31 U.S.C. § 3729;

c) Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. §3730(d);

d) Relator be awarded all costs of this action, including attorney's fees and costs pursuant to 31 U.S.C. §3730(d); and

e) Relator recover such other and further relief as the Court deems just and proper.

**REQUEST FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

                              Respectfully submitted,

                              _____
John E. Coppock Jr.
20 Park Avenue
Baltimore, MD  21201
1-410-539-1200 (ext. 342)

**Attorney for Relator**

March 6, 2003