IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA *<br>*ex rel.* MATHEW J. REHAK, JR.<br>    Plaintiff,              * |  |  |
| v.                           * | CIVIL ACTION NO: | S-01-2022 |
| PSYCHOTHERAPEUTIC            *<br>REHABILITATION SERVICES, INC.<br>*et al.*<br>    Defendants.              * |  |  |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending are the defendants' motions to dismiss.  The issues have been briefed by the parties, and no oral hearing is necessary.  Local Rule 105.6 (D. Md.).  For the reasons stated below: (i) Defendants' Motions to Dismiss will be GRANTED; (ii) Plaintiff's Motion for Leave to Amend the Complaint will be GRANTED; and (iii) Plaintiff's Second Amended Complaint will be DISMISSED WITH PREJUDICE.

On July 10, 2001, Mathew J. Rehak, Jr., in the name of the United States and on his own behalf, filed a one-count complaint against 13 defendants, alleging violations of the False Claims Act.  The complaint was filed under seal pursuant to 31 U.S.C.§ 3730(b)(2).  Under § 3730(b)(2), a complaint shall remain under seal for at least sixty days to allow the United States the opportunity to intervene in the action.

On August 8, 2002, the United States declined to intervene in the suit. On that same day, this Court ordered the Complaint to be unsealed and served upon the defendants.

Between August 2002 and early January 2003, Mr. Rehak corresponded with this Court to explain the difficulties he was encountering as he attempted to serve the complaint on various defendants. Finally, in very late January, Mr. Rehak served five of the 13 defendants.[1] He failed to serve the original complaint, serving instead an "Amended Complaint" filed on January 21, 2003.[2] Defendants now move to dismiss the Amended Complaint for failure to (i) effect service; (ii) plead fraud with particularity; and (iii) state a claim upon which relief can be granted. Plaintiff seeks to file a Second Amended Complaint to remedy the procedural flaws asserted by the defendants in their Motions to Dismiss.

## STANDARD FOR MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate

---

[1] Defendants Affiliated Sante Group and Volunteers of America Chesapeake, Inc. were served on January 29, 2003. Defendants Psychotherapeutic Rehabilitation Services, Inc. and Psychotherapeutic Treatment Services, Inc. were served on January 31, 2003. The Court is uncertain as to when Defendant Arundel Lodge was served, but notes that Arundel Lodge expressly incorporated all motions of the other defendants in its Motion to Dismiss.

[2] The Amended Complaint is substantively identical to the original complaint, but omits eight of the original defendants.

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss under 12(b)(6), a court must accept the allegations contained in the complaint as true. *See DeBauche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999). The Court is not, however, "bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (reiterating that a plaintiff's legal conclusions merit no deference in deciding a motion to dismiss). The issue that remains then, is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims made. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

## ANALYSIS

Defendants[3] seek to dismiss the Amended Complaint because Mr. Rehak failed to serve them within the 120-day period prescribed by Federal Rule of Civil Procedure 4(m). Defendants additionally argue that Mr. Rehak failed to serve them with the original complaint as ordered by the Court on

---

[3] The Defendants' Motions to Dismiss all expressly incorporate each of the other motions filed by the other defendants.

August 8, 2002.  The Court finds that dismissal is not the most appropriate remedy, as the failure to serve the defendants within the 120-day period did not prejudice them.  Thus, the Court will grant Plaintiff's Motion for Leave to Amend the Amended Complaint, and consider his Second Amended Complaint.

Defendants argue that Mr. Rehak's Second Amended Complaint fails to allege fraud with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.  A complaint alleging violations of the False Claims Act must be pled with particularity pursuant to Rule 9(b).  *United States ex rel. v. United States*, 317 F.3d 883, 888 (8th Cir. 2003).  A lack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6).  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999).

Rule 9(b)'s particularity requirement demands a higher degree of notice than that required for other claims; the claim must identify who, what, where, when, and how.  *United States ex rel.*, 317 F.3d at 888.  The "circumstances" required to be pled with particularity under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and

what he obtained thereby." *Harrison*, 176 F.3d at 784. The particularity required by Rule 9(b) is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations. *Id.* (quoting *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920-21 (8th Cir. 2001).[4]

The conduct proscribed by the False Claims Act includes false statements or claims for payment presented to the government. *United States ex rel. Russell v. Epic Healthcare Mgmt. Group*, 193 F.3d 304, 308 (5th Cir. 1999) (citing *Harrison*, 176 F.3d at 784). Fraud claims under the False Claims Act must be pled with particularity under Rule 9(b). *Id.*

The only specific allegations made by the plaintiff are that "Defendants have systematically defrauded MEDICAID as these providers have submitted CPT codes for BOTH on-site and off-site services for different durations of time, for the same day, same consumer, and same provider. This practice

---

[4] Rule 9(b) has four purposes: First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of. Second, Rule 9(b) exists to protect defendants from frivolous suits. A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation. *Harrison*, 176 F.3d at 784.

creates double-billing for the same service causing them to be paid twice and in many instances three and four times for the same service on the same date to the same patient." Second Am. Compl. ¶ 18. "Specifically, a cursory examination of the billing registers for the 'Billing Defendants' reveal duplicate billings in the areas of Anne Arundel and Prince George's Counties for services that were previously paid and subsequently re-billed and paid again. A recap organized by provider, account codes and dollar amounts that were double billed is attached [as Exhibit A]." *Id.* ¶ 19. "[T]he Billing Defendants were routinely submitting duplicate bills from July 1, 1997 to June 30, 1998." *Id.* ¶ 24.

Exhibit A, however, is wholly unintelligible. Without more explanation, it appears to be nothing more than charts made without reference to date, patient, alleged service (or same service), any inference of double-billing, or the amount double-billed. Absent such, the defendants cannot possibly be expected to prepare an answer and defend themselves. *Harrison*, 176 F.3d at 784; *United States ex rel. Goldstein v. Fabricare Draperies, Inc.*, 236 F.Supp.2d 506, 508 (D. Md. 2002).

In addition, Rule 9(b) does not permit a plaintiff to allege fraud "by indiscriminately grouping all of the

individual defendants into one wrongdoing monolith." *Lubin v. Sybedon Corp.*, 688 F.Supp. 1425, 1443 (S.D. Cal. 1988). Rather, a plaintiff alleging fraud must establish a connection between fraudulent acts or statements and each defendant, or must establish facts that inform each defendant of its participation in the fraud. *See Rohland v. Syn-Fel Assocs.*, 879 F.Supp. 322 (S.D.N.Y.1995); *Kriendler v. Chemical Waste Management*, 877 F.Supp. 1140 (N.D. Ill. 1995). It is not enough to allege that all of the defendants routinely double-billed; Plaintiff must show which defendant is responsible for which double-billing, or at least, allege a more specific time-frame and by whom the double-billing was made. Without more, the defendants cannot answer beyond a mere categorical denial.

    The Court finds that Mr. Rehak fails to plead fraud with sufficient particularity to avoid dismissal. Although "leave [to amend a complaint] shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), such leave "should be denied ... when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation and citation omitted).

The Court believes that dismissal of the Second Amended Complaint should be with prejudice.  Mr. Rehak filed this suit under seal almost two years ago.  He filed the Second Amended Complaint in direct response to Defendants' Rule 9(b) challenges; thus, he has had an opportunity to cure pleading defects.  *See Miller v. Baltimore Gas & Electric Co.*, 202 F.R.D. 195, 203 (D. Md. 2001) (a factor to consider in deciding whether to grant leave to amend is plaintiff's failure to cure deficiencies by amendments previously allowed).  The Second Amended Complaint lacks the requisite particularity, and because amendment has already proven futile, should be dismissed with prejudice.[5]

Accordingly, by separate order, (i) Defendants' Motions to Dismiss will be GRANTED; (ii) Plaintiff's Motion for Leave to Amend the Amended Complaint will be GRANTED; and (iii) Plaintiff's Second Amended Complaint will be DISMISSED WITH PREJUDICE.

                                                _____
                                                  William D. Quarles, Jr.
                                         United States District Court Judge

Dated: April 2, 2003.

---

[5] Defendants also seek dismissal under Federal Rule of Civil Procedure 12(b) for failure to state a claim upon which relief can be granted. Defendants argue that Mr. Rehak failed to allege that the defendants presented a "false or fraudulent claim" to the United States government.  The defendants' argument lacks merit, as paragraphs 21 and 22 clearly allege a false claim on the United States Government.